**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN (JACKSON) DIVISION**

**THOMAS L. HODGES** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:12CV494 HTW-LRA**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Thomas Hodges appeals the final decision denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision be affirmed for the reasons that follow.

**Factual and Procedural Background**

On February 23, 2009, Hodges filed applications for SSI and DIB, alleging he became disabled on October 15, 2007, due to anxiety, depression, epilepsy, migraines, hypertension, post traumatic stress disorder, diabetes, colitis, and pain in his back, knee, hand, hip, and neck. He is a high school graduate and was approximately 49 years old at the time of filing, with previous work experience as an electrician's helper, carpenter, construction worker, chemical mixer, and service in the U.S. Air Force. The applications were denied initially and on reconsideration. He appealed the denial and on December

22, 2010, Administrative Law Judge Regina L. Warren ("ALJ") rendered an unfavorable decision finding that Plaintiff had not established a disability within the meaning of the Social Security Act. The Appeals Council subsequently considered new evidence submitted by Plaintiff, but found it presented no basis for changing the ALJ's decision. Plaintiff now appeals that decision.

After reviewing the evidence, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. At steps two and three, the ALJ found that although Plaintiff's epilepsy and degenerative disc disease were severe, neither impairment met or medically equaled any listing. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform a reduced range of light work except he can "perform simple work, can maintain attention and concentration for a two-hour period, can interact appropriately with coworkers and supervisors but should have no interaction with the public."[2] Based on vocational expert testimony, the ALJ concluded that given Plaintiff's age, education, work experience, and residual functional capacity, he could perform light, unskilled work

---

[1]Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152,154 (5th Cir. 1999).

[2]ECF No. 9, p. 31.

as a hand-packager, small-products-assembler, and ticket-seller.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

## Discussion

Plaintiff argues that the Commissioner's decision should be reversed or alternatively remanded because (1) the ALJ erred in finding that epilepsy and degenerative disc disease were his only severe impairments at step two; (2) the Appeals Council failed to properly consider new evidence of his physical and mental impairments; and, (3) the ALJ's finding that he could perform work in the national economy is not supported by substantial evidence. He additionally claims that the ALJ erred in failing to

reopen his prior application for benefits in violation of HALLEX I–2–9-1.

As his first point of error, Plaintiff argues the ALJ erroneously found at step two of the sequential evaluation that his depression, anxiety disorder, and polysubstance abuse were not severe because they "do not cause more than a minimal limitation" in his ability to perform basic mental work activities under 20 C.F.R. § § 404.1520 (c) and § 416.920 (c) (2013). To the extent Plaintiff asserts that the ALJ substituted her own definition or applied the wrong standard because she failed to cite *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), this argument is rejected. The critical issue at step two is whether the ALJ applied the correct legal standard, not whether she recited "magic words." *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Even if the Court were to find that the ALJ's formulation of the severity standard was at odds with *Stone*, remand is not required on this basis in this case. The Fifth Circuit has recently made clear that any error in failing to follow the procedures set forth in *Stone* is harmless, where the claimant has failed to show that he is "so functionally impaired by his mental impairment that he is precluded from engaging in substantial gainful activity." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). Moreover, Plaintiff's claims were not summarily dismissed at step two. To the contrary, as further set forth herein, the ALJ substantially considered the combined impact of all of Plaintiff's impairments in the remaining steps of the five-step sequential evaluation. *See Herrera v. Astrue*, 406 F. App'x 899, 903 (5th Cir. 2010) (declining to remand where "case did not turn on a finding that [plaintiff's] impairments were not

severe at step two"); *Corbitt v. Commissioner of Social Sec. Administration*, Civil Action No. 3:10CV558 CWR-LRA, 2013 WL 603896 (S.D. Miss. Feb. 19, 2013) (remanded because the ALJ failed to sufficiently consider non-severe impairment in the remainder of the five-step sequential evaluation).

Plaintiff also argues that the ALJ's non-severity findings are not substantially supported because they are contrary to the medical evidence of record. Specifically, he asserts that the ALJ failed to properly weigh the medical findings of consulting psychologist, Dr. Jan Boggs, and failed to consider the psychiatric review of the consulting examiner, Dr. David Powers. He similarly claims with respect to his physical impairments, that the ALJ erred in failing to consider his neck pain secondary to degenerative disc disease; upper extremity pain; bilateral knee pain secondary to arthritis; diabetes mellitus type II; ulcerative colitis; hypertension; and migraines. These arguments are not well taken.

In April 2009, Dr. Boggs performed a comprehensive psychological examination. During the examination, Plaintiff described himself as an "ex-druggie," who had been drug-free for approximately six months. He also advised that he had previously had an alcohol problem following the death of both his parents in the 1980's and had received multiple citations for driving under the influence. He also stated that he has difficulty sleeping because of chronic pain and had been "treated for nerves at the V.A. Hospital,"

albeit not recently. With regard to his daily activities, Plaintiff reported that he drives, shops with his wife, attends church, and sometimes visits friends. He also does some yard work, including planting a garden, and goes "turtling" at the pond behind his house because the turtles were eating all the fish. On examination, Dr. Boggs noted that Plaintiff was depressed, anxious, and "quite somatic." He was fully oriented and though he expressed concern about his memory, he was able to give a detailed history; and, his cognition was not adversely affected by his medications. Dr. Boggs also noted that records from the Veterans Administration ("VA") indicated that Plaintiff had a poor compliance with his appointments and that his primary diagnoses were cannabis abuse, insomnia, and depression. The records also indicated that Plaintiff's GAF score was 65 in March 2009 which, as noted by the ALJ, indicates that he had "some mild symptoms" but was "generally functioning pretty well." Based on his examination, Dr. Boggs ultimately diagnosed Plaintiff with anxiety and depressive disorders, not otherwise specified, poly-drug dependence, and somatization disorder.[3]

In June 2009, Dr. Powers submitted a psychiatric review based on the medical records to date, including Dr. Boggs's examination. He noted that Plaintiff had moderate limitations in activities of daily living, in maintaining social functioning, in maintaining

[3]ECF No. 9, pp. 29-30; 894-896.

concentration, persistence and pace, and no episodes of decompensation. Plaintiff contends that the moderate limitations assigned by Dr. Powers clearly demonstrate that his depression and anxiety disorder were more than slight abnormalities that would interfere with his ability to work, and that the ALJ erred in failing to consider or even mention this evidence. Specifically, he maintains that the ALJ erred in finding that his depression and anxiety produced only mild limitations in all functional areas and no episodes of decompensation.

The ALJ did err in failing to reference or analyze Dr. Power's psychiatric review. Plaintiff has not shown, however, that the ALJ's failure prejudiced his substantial rights. While Plaintiff characterizes Dr. Powers's psychiatric review as favorable evidence undermining the ALJ's non-severity finding at step two, a plain reading of Dr. Powers's opinion reflects that he concluded that notwithstanding Plaintiff's moderate limitations, his residual functional capacity:

> allows for routine, repetitive tasks here. Claimant can concentrate adequately and attend to tasks to the extent that simple work is possible. Claimant can avoid hazards, remember and understand basic tasks and carry them out. Claimant can relate to co-workers and supervisors and can psychologically complete a normal workweek. ***There are no severe limitations that would preclude simple work.***[4]

Dr. Powers also noted that Plaintiff's depression was ongoing and that Plaintiff's polysubstance abuse was a "significant and complicating factor." He also stressed that

[4]ECF No. 9, p. 921 (Emphasis added).

abstinence was imperative and that Plaintiff could work when not using drugs, notwithstanding his moderate mental restrictions.[5]

Dr. Powers's findings are also consistent with the other substantial evidence of record. A psychiatric reviewer similarly concluded in June 2008 that Plaintiff's mental impairments were *not severe* as they produced only mild limitations and no episodes of decompensation. VA records also showed that Plaintiff's mood swings and depression had generally improved with treatment. Additionally, Plaintiff testified at the administrative hearing that while he still gets "bouts of depression" and has "anger issues from time to time," his medication helps. Substantial evidence therefore supports the ALJ's assessment of Plaintiff's mental impairments, and Plaintiff cannot show that the ALJ's failure to analyze Dr. Powers's psychiatric review affected his substantial rights. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).[6]

Plaintiff also asserts that the ALJ failed to consider his physical impairments in assessing the severity of medical impairments and their limiting effects, in combination with all of his impairments. In assessing the evidence, the ALJ reasoned as follows:

---

[5]ECF No. 9, pp. 905-918.

[6]ECF No. 9, pp. 55–57; 299-838; 839-852.

> The claimant does have degenerative disc disease of the lumbar and cervical spine, characterized as mild on his more recent imaging. Mr. Hodges uses a cane and sometimes a wheelchair to ambulate. The claimant has reported that he has a great deal of trouble getting around. However, his reported daily activities seem to contradict that claim. The claimant testified that he was prescribed the wheelchair in January 2010. The medical records indicate that in April 2010, he had an exacerbation of back pain from "moving furniture" which would seem to be difficult to do in a wheelchair or with a cane. At his pension and compensation exam, the examining orthopedic surgeon noted he had zero degrees of forward flexion which was inconsistent with being able to "leave the house under his own power to go fishing with a walking cane." Dr. Richardson also remarked that he was unable to explain the claimant's symptoms from the objective evidence. In terms of the claimant's epilepsy, Mr. Hodges testified that he had a seizure in early 2010. That assertion is not supported by the records provided. The claimant also testified to severe difficulties from colitis. The claimant's records indicate that he stopped taking his medications for that condition several years ago but he does have annual colonoscopies. [7]

Plaintiff does not dispute the ALJ's sound reasoning, nor does he direct the Court to any contrary evidence to support his claims. The ALJ's opinion reflects that she considered all of Plaintiff's medically determinable impairments and their limiting effects. *Graves v. Astrue*, 2:07 CV306 KS-MTP, 2008 WL 4093726 (S.D. Miss. Aug. 27, 2008) (citing 20 C.F.R. § §404.1523 & 416.923). Substantial evidence supports her findings.

As his second point of error, Plaintiff contends that the Appeals Council erred in failing to find that new and material evidence would have changed the outcome of the ALJ's decision. In support, Plaintiff cites a second comprehensive psychological examination conducted by Dr. Boggs, and the consultative physical examination conducted by D.D.S. examiner, Dr. Gary Gordon, both of which were performed well after

[7]ECF No. 9, p. 32 (internal record citations omitted).

the ALJ's decision. In its order affirming the ALJ's denial of benefits, the Appeals Council noted that it had considered this additional evidence, but found the information did not provide a basis for changing the ALJ's decision. When additional evidence is presented to and considered by the Appeals Council, the evidence becomes part of the administrative record and a reviewing court must determine whether the denial of benefits remains supported by substantial evidence. *Jones v.Astrue*, 228 F.App'x. 403 (5th Cir. 2007); *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005). The denial of benefits remains substantially supported by the evidence here.

In his updated report, Dr. Boggs notes that Plaintiff's mental condition had not substantially changed since his last examination. Specifically, he opines in relevant part, that Plaintiff's difficulty relating to others could carry over to work situations, and that his pain may present such a distraction that it would be difficult to sustain tasks but he would remain capable of following directions. Significantly, Dr. Boggs did not assign any other functional limitations and Plaintiff does not assert any on appeal.[8]

Plaintiff also cites the newly submitted examination findings of Dr. Gordon, but fails to explain how they undermine the ALJ's assessment of his physical impairments during the period at issue, or the Appeals Council's decision to affirm. On examination, Dr. Gordon noted that Plaintiff's cervical range of motion was within normal limits and

[8]ECF No. 9, pp. 1174-77.

that his upper extremities were unremarkable except for a slight restrictive range of motion in the left shoulder. He also noted that Plaintiff had a normal range of motion in the lower extremities with no abnormal gait or limp and normal neurological findings. X-rays similarly showed only mild degenerative changes and osteoarthritis.[9]

Given the totality of evidence before the ALJ, Plaintiff has not shown that Dr. Boggs's updated assessment or Dr. Gordon's examination findings would have changed the outcome of the ALJ's decision. They did not so contradict earlier evidence that a weighing of old and new evidence was required, nor do they undermine the existence of substantial evidence supporting the ALJ's determination that Plaintiff was capable of a reduced range of light work. *Jones*, 228 F. App'x at 407. No reversal or remand is thus warranted on this issue.

As his third point of error, Plaintiff argues that the ALJ's step five finding is not supported by substantial evidence because she allegedly failed to include his mental limitations in the hypotheticals posed to the vocational expert at the administrative hearing. As noted *supra*, the vocational expert testified that Plaintiff could perform work as a ticket-taker, hand-packager, and small-parts-assembler. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform a range of light simple work, except he could maintain attention and concentration for only two-hour periods, and could

[9]ECF No. 9, pp. 1159-60.

interact appropriately with co-workers and supervisors but not the general public. A plain reading of the hearing transcript reflects that the ALJ's hypothetical limited Plaintiff to maintaining attention and concentration for two-hour periods and interacting with co-workers and supervisors, but did not expressly exclude public interaction. Plaintiff contends on appeal that he was prejudiced by this omission because the vocational expert's testimony that he could work as a ticket-taker seemingly contradicts the ALJ's finding that his mental impairments would preclude working with the general public.

As the Commissioner argues, any error was harmless because the vocational expert identified two other jobs (hand-packager and small-parts-assembler) that plaintiff could perform. Although Plaintiff argues on appeal that the description of these jobs as outlined in the *Dictionary of Occupational Titles* ("D.O.T.") exceed the moderate limitations identified by Dr. Powers, as noted *supra*, Dr. Powers expressly noted that Plaintiff's mental impairments were not severe and would not preclude him from returning to work. Further, an ALJ's hypothetical need only "incorporate reasonably all disabilities of the claimant recognized by the ALJ," *Bowling*, 36 F.3d at 436, and Plaintiff's representative was afforded an opportunity to correct any perceived deficiencies at the administrative hearing and failed to do so. To the extent Plaintiff now asserts that the vocational expert's testimony conflicts with the D.O.T., the ALJ was entitled to rely on the vocational expert's testimony. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000).

Finally, Plaintiff asserts that the ALJ erred in failing to rule on his prior counsel's motion to reopen his prior application for SSI benefits, allegedly in violation of HALLEX I-2-9-1.[10] Plaintiff correctly notes that a prior application may be reopened within 12 months of the date of the notice of the initial determination "for any reason," pursuant to 20 C.F.R. § 416.1488(a), and that his prior application, filed on May 7, 2008, was denied seven months prior to the filing of the instant application. Significantly, Plaintiff does not identify in the record, nor does the Court find, evidence of a formal request to reopen his prior application. The record indicates, rather, that the prior application was initially denied on or around July 15, 2008, and that no further action was taken, except for a vague request to consider "some prior filings" at the administrative hearing on June 23, 2010.

---

[10]HALLEX, the Hearings, Appeals and Litigation Law Manual, is an internal procedural document of the Social Security Administration. HALLEX I–2–9-1 states, in relevant part, as follows:

> A claimant may explicitly request an ALJ to reopen and revise a final determination or ALJ decision, or may submit additional evidence or information which implies that the claimant is requesting reopening and revision of such determination or decision. An ALJ may grant or deny a claimant's request to reopen and revise a final determination or ALJ decision. The ALJ may also decide on his or her own motion to reopen and revise a prior determination or decision.
>
> If an ALJ has jurisdiction to reopen and revise a determination or decision (See I-2-9-10, Administrative Law Judge's Jurisdiction to Reopen and Revise a Determination or Decision) and the conditions for reopening are met, the ALJ must reopen the determination or decision.

HALLEX I–2–9-1, *available* at http://ssa.gov/OP_Home/hallex/hallex-I.html.

Although Plaintiff's current application was filed within 12 months of the denial of his earlier application, the ***request to reopen*** was apparently not made until June 23, 2010. As such, Plaintiff was required to show good cause to reopen his prior claim under 20 C.F.R. § 404.988(b). No such good cause has been expressly articulated here.[11] Further, it is well-settled that absent a colorable constitutional claim, this Court has no jurisdiction to review alleged abuses of agency discretion in refusing to reopen a prior claim. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Robertson v. Bowen*, 803 F.2d 808 (5th Cir. 1986). Plaintiff has not raised a constitutional claim in this case, and the undersigned finds that no reversible error has been stated.[12]

In sum, the undersigned's review of the record compels a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. For these reasons, it is the opinion of the undersigned United States Magistrate Judge that Defendant's Motion to Affirm the Commissioner's Decision be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the

---

[11]ECF No. 9, p. 6. Even if the Court were to find that the ALJ erred in failing to comply with HALLEX I-2-9-1, Plaintiff has failed to demonstrate that he was prejudiced by the error. This argument was considered and rejected by the Appeals Council on administrative appeal. In so doing, the Appeals Council expressly noted in its order affirming the denial of benefits that it had considered Plaintiff's reasons for disagreeing with the ALJ's decision, including the new evidence, and found no basis for changing the ALJ's decision. *See Shave v. Apfel*, 238 F.3d 592, 596-597 (5th Cir. 2001).

[12]ECF No. 9, pp. 158, 288-289, 297.

Commissioner be entered.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 30th day of January 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE